Howell, J.,
dissenting There is no provision of the law, in my opinion, which makes it the ministerial duty of the Mayor and Administrators of New Orleans to issue writs of fier.i facias or cause them to be issued. The act of 1871, so far as it refers to tli#s subject (sec. 9), enacts “ that the Board of Administrators be and are hereby authorized and diiected to collect from the holders of property within the said districts the balance on assessments, as shown by the books of the first, second and third drainage districts, under acts of March 18, 1858, that of March 17, 1859, and the several supplementary and amendatory acts thereto, which said assessments are hereby confirmed and made exigible, at such time and in such manner as the Board of Administrators may designate; provided, that the said board shall collect the assessments herein authorized in time to provide for the payment of the warrants to be issued to the said company at the date of their issue; also to make assessments of two mills per superficial foot in those parts of the three draining districts, as existing under and created by the acts of March 18, la58, and of March 17,1859, and amendments thereto, and on such other lands as are brought within the protection levees contemplated by this act, where no assessments have been made; and to execute and enforce the same, as provided for by the several acts of the Legislature, creating and regulating said boards of draining commissionersand provided further, that all the money received by tlie said board trom all the sources contemplated by this act shall be placed to the credit of the Mississippi and Mexican Gulf Ship Canal Company, and held as a fund solely for the drainage of New Orleans and Carrollton, and all property, not money, so received, shall be held in trust for the payment of the said company and ultimately for the benefit of New Orleans, if not needed for drainage.
A reference to the other laws mentioned shows that a discretion was conferred on the several boards of commissioners, just as is conferred on the Board of Administrators by this act of 1871. It is made their duty, certainly, to execute and enforce the several assessments; but as provided for by the law and at such time and in such manner as they may designate, the time to be so as to pay the warrants to be issued by the company. They are also empowered in certain eont-in *501 geucies to purchase the property sold for the said- assessments. All these provisions of the law clearly show to my mind that while certain duties are imposed on the Board of Administrators, whii-h they should faithfully perform, they are vested with some discretion as to the manner of discharging those duties. They may find that if executions are issued the property will have to be bought by the city, as they are directed to do in certain cases, in order to bring the amount of the judgment as required by the law, and that would not provide-the money to meet the warrants. And when they call upon the clerk, of the inferior court to issue the writs of fieri facias (for they themselves can not do it), that officer may decline for some reason beyond! the control of the Board of Administrators, and then the latter would have to be compelled by mandamus to apply for and obtain at all events a mandamus to compel the clerk to issue the required writs of fieri facias. It is not every duty imposed on a public officer that can be enforced by mandamus. I can not think this is a case for a mandamus, and therefore dissent.